UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60473-CIV-ZLOCH
MAGISTRATE JUDGE P. A. WHITE

KEITH J. POWELL,                :

    Plaintiff,           :

v.                              :
                                            REPORT OF
JUDGE STANTON KAPLAN, ET AL.,   :   MAGISTRATE JUDGE

    Defendants.          :
_____

## I.  Introduction

On April 2, 2008, Keith J. Powell, currently housed at the Broward County Stockade, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 [DE# 1] seeking injunctive relief based on a challenge to his state conviction and sentence.  The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

        *  *  *

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

> the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

The plaintiff names the following defendants:

1. Judge Stanton Kaplan

2. Kelly Bader, Esq. (Public Defender)

3. Morgan Rood, Assistant State Attorney

4. Howard C. Forman, Clerk of Court

The plaintiff claims that his state conviction and sentence were unconstitutional based, <u>inter alia</u>, on judicial and prosecutorial misconduct. He does not seek release from custody, he seeks "a full criminal and civil investigation of the court and the Broward Sheriff's Office."

The plaintiff, in essence, attempts to challenge the constitutionality of his state conviction. This is not the appropriate forum to challenge his state conviction and sentence. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973). Additionally, to seek relief for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,

the Complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck v. Humphrey, 512 U.S. 477, 486, 487 (1994). Heck applies both to actions for money damages and to those, like this one, for injunctive relief. Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).

In the present case, a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence. The plaintiff has not demonstrated that his conviction or sentence has been invalidated. Therefore, the plaintiff's 42 U.S.C. §1983 claim has not yet accrued, and should be dismissed.

Further, the plaintiff cannot seek relief against any attorneys privately retained or appointed to represent him in his criminal action or appeal in a civil rights complaint based on a theory of ineffective assistance of counsel. Neither public defenders nor private attorneys generally act "under color of state law" and, therefore, claims against such counsel are not cognizable under 42 U.S.C. §1983. See Polk County v. Dodson, 454 U.S. 312 (1981). In addition, state judges are not amenable to suit. Judges are absolutely immune in a §1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here. Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Wahl v. McIver, 773 F.2d 1169 (11 Cir. 1985). Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even when such acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous, or corrupt or done

pursuant to bribe or conspiracy. Forrester v. White, supra; Cleavinger v. Saxner, 474 U.S. 193 (1985); Pierson v. Ray, supra.

Clerks of court and their agents are be entitled to qualified immunity from liability if they were acting pursuant to their lawful authority and following in good faith the instructions or rules of the court and were not in derogation of these instructions or rules. Henriksen v. Bentley, 644 F.2d 852, 854-56 (10 Cir. 1981); McLallen v. Henderson, 492 F.2d 1298 (8 Cir. 1974); McCray v. Maryland, 456 F.2d 1, 3-5 (4 Cir. 1972). The courts have generally held that deliberate indifference rather than negligence is required for the imposition of liability in suits for damages involving deprivation of access to the courts, including those actions alleging clerical liability. Kincaid v. Vail, 969 F.2d 594, 602, n. 10 (7 Cir. 1992) (§1983 action against state court clerks alleging that, by refusing to file inmates' complaint, clerks had deprived them of their constitutional right of access to the courts); Crawford-El v. Britton, 951 F.2d 1314, 1328 (D.C. Cir. 1991) (intentional interference with access to court violates constitution); Gregory v. Nunn, 895 F.2d 413, 415 (7 Cir. 1990) (district court erred in dismissing case on grounds that plaintiff had alleged only negligent deprivation of access to courts, where plaintiff had sufficiently alleged intentional deprivation). The plaintiff has not alleged any facts alleging that Forman violated his constitutional rights and he is immune from suit.

Finally, the plaintiff has failed to state any claim for relief against prosecutors. Prosecutors performing "prosecutorial functions" receive absolute immunity and are therefore not subject to suit in a federal civil rights action. See Imbler v. Pachtman, 424 U.S. 409 (1976). In this case, because the plaintiff's allegations concern performance of prosecutorial functions, the state prosecutors would be absolutely immune from suit.

### III.  Recommendation

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted, and this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 22nd day of April, 2008.

```
_____
UNITED STATES MAGISTRATE JUDGE
```

c:   Keith J. Powell, Pro Se
     No. 120800307
     Broward County Stockade
     5400 N.W. 9th Avenue
     Ft. Lauderdale, FL 33309